## Cecil et al. v. Dorman, Banking Com'r, et al.

(Decided Oct. 27, 1936.)

H. H. RAMEY for appellants.

G. C. ALLEN for appellee banking commissioner.

LEEBERN ALLEN for appellee Farmers & Traders Bank.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Reversing.

The Hazel Green Bank having been closed because of insolvency, J. C. Lindon was appointed special deputy banking commissioner to liquidate its assets on July 28, 1930. On September 12, 1932, he filed a report in the Wolfe circuit court, as provided by section 165a-17 of the Statutes (except as to time). This report, and supplements thereto, disclosed that a note of $10,000, owing the Farmers & Traders Bank of Campton, had been allowed and paid as a preferred claim, and the collateral pledged to secure it had been redeemed. J. W. Cecil and a number of other depositors filed exceptions to this item in the report and also a petition for a review by the court. Pending a hearing, Mr. Lindon died, and Dorsey C. Rose was named in his place. Lindon had been the cashier of the Farmers & Traders Bank, and Rose cashier of the Hazel Green Bank.

On December 13, 1933, a judgment was rendered sustaining the exceptions as to the payment of this claim out of the general assets, as it was unauthorized, "and the present deputy banking commissioner is now ordered and directed to take such steps as may be necessary to secure a refund to the general assets of the defunct Hazel Green Bank said sum, at the time restoring to the said Farmers & Traders Bank, of Campton, the collateral which was released upon the payment of said indebtedness, to which ruling of the court in its entirety the deputy banking commissioner objects and excepts, and prays appeal to the Court of Appeals, which is now granted." On the next day the deputy banking commissioner filed a motion to set aside this judgment upon several grounds, but it was overruled on the same day.

On December 23, 1933, which was after the expiration of the term of court at which the judgment was rendered, the Farmers & Traders Bank filed a petition in equity which will be noticed hereafter. On that petition a judgment was entered on April 3, 1935, reciting that its allegations were taken as true, and adjudging

that the judgment of December 13, 1933, be "and the same is now cancelled, set aside and held for naught, and it is now adjudged by the court that the plaintiff herein and its claim for the sum of $10,000 against the Hazel Green Bank is and was a preferred claim, and that the plaintiff herein retain the sum of $10,000, and its costs herein expended."

Cecil and the other depositors appeal from that judgment.

The petition recited the insolvency of the Bank of Hazel Green, the appointment of the liquidating agents, and by reference made all of the proceedings in the settlement a part of the petition. It alleged that the plaintiff had loaned $10,000 to that bank shortly before it was closed, which was secured by certain notes belonging to the borrower amounting to $20,965.80; that its claim had been paid and the collateral surrendered to the deputy banking commissioner; that certain items of that collateral had been collected and the proceeds disbursed as part of a dividend to the depositors; and other items had been set off against deposits. The petition also alleged that Wolfe county warrants to the amount of $9,615.80, included in the collateral, had depreciated from 80 per cent. to 50 per cent. of their face value. Other allegations relate to the right or propriety of setting off a certain Hollon note of $8,700, which had been included in the collateral pledged to the plaintiff, against a deposit. The set-off had been adjudged in a separate suit, which it was charged was a fraud upon the plaintiff. This and some other portions of the pleading seem to relate to the rights of the petitioner, should the court refuse to set aside the former judgment, and can have no bearing upon the power of the court to vacate that judgment. Indeed, there is no prayer that the judgment of December 13, 1933, be vacated. The plaintiff asked relief against the banking commissioner and prayed that it be permitted to retain the $10,000 paid to it, because of the facts stated, and that the judgment in the suit adjudging the set-off of the Hollon note against certain deposits be set aside.

Section 340 of the Civil Code of Practice specifies the several grounds upon which a decision of a trial court may be vacated, but under section 342 the motion submitting them, except for newly discovered evidence, must be made within three days after the decision is

rendered, unless unavoidably prevented. Section 344 provides that, if grounds for a new trial be discovered after the term at which the decision is rendered, the application may be made by petition filed not later than the second term after the discovery.

Section 518 of the Civil Code of Practice grants power to a court after the expiration of the term to vacate or modify a judgment upon several specified grounds, none of which appears in the petition in this case.

The clerk certifies the transcript before us as being a true and correct copy of the entire record. The action of the court is incomprehensible, for, aside from the absence of any legal grounds, the vacation of the former judgment was not even asked. Accordingly, the judgment is reversed.